UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTRALINKS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LONE STAR DOCUMENT MANAGEMENT, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Civil Action No.  15-cv-8064<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Intralinks, Inc. ("Intralinks" or "Plaintiff") submits this Complaint against Defendant LoneStar Document Management, LLC ("Lone Star" or "Defendant") and alleges as follows:

**NATURE OF THIS ACTION**

1. This is an action for declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.  Intralinks seeks a declaratory judgment that U.S. Patent No. 6,918,082 entitled "Electronic Document Proofing System" (the "'082 patent"), attached as Exhibit A, is invalid and not infringed.  This action arises out of specific and concrete allegations made by Lone Star that Intralinks infringes one or more claims of the '082 patent.

**THE PARTIES**

2. Intralinks is a corporation duly organized and existing under the laws of the State of Delaware, having its corporate headquarters and principal place of business at 150 East 42nd Street, 8th Floor, New York, NY 10017.  Intralinks provides software-as-a-service (SaaS) solutions for secure enterprise content collaboration within and among organizations in the

United States and internationally.

3. Upon information and belief, Lone Star is a limited liability company organized and existing under the laws of Delaware, with a place of business at 555 Republic Drive, 2nd Floor, Plano, TX 75074.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Lone Star because, upon information and belief, its founder, manager, and principal employee Jeffrey M. Gross is domiciled in New York, NY.  Mr. Gross is also a co-inventor of the '082 patent.  Mr. Gross, by and through his counsel, has sent written communications to Intralinks in New York, NY, alleging that Intralinks infringes one or more claims of the '082 patent.

6. Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district.  Intralinks sells and markets its software and services accused of infringement in New York, NY.  Venue is thus proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

7. On June 24, 2015, Lone Star sent a demand letter, attached as Exhibit B, to Intralinks charging Intralinks with infringing the '082 patent.  The demand letter reads like a complaint, stating that: "Lone Star has learned that [Intralinks is] infringing one or more claims of the '082 patent through the use, manufacture, sale, and offers for sale of its enterprise collaboration system (the "Infringing Products").  The Infringing Products of the '082 patent include but are not limited to the Intralinks Platform products and services."  (Ex. B at 1.)

8.  The letter specifically refers to claim 10 of the '082 patent, stating that "[t]he Infringing Products provide comprehensive capabilities for managing and processing documents in a way that directly infringes claim 10." (*Id*.) The letter further alleges induced and contributory infringement, and represents that "Lone Star has suffered damages." (*Id*. at 2.) Appended to the letter is a 10-page claim chart with detailed allegations of infringement of the '082 patent by the accused Intralinks VIA platform. (*Id*. at Appendix.)

**Count I**
**(Declaratory Judgment of Invalidity)**

9.  Intralinks hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 8 above.

10.  There is an actual controversy between Intralinks and Lone Star regarding the validity of the '082 patent. Lone Star contends that it is the assignee of all right, title, and interest in the '082 patent, and that the '082 patent is valid and enforceable. Intralinks contends that the claims of the '082 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

11.  In particular, the claims of the '082 patent are invalid under 35 U.S.C. § 101, because they recite an abstract idea implemented on a generic computer. The claims are generally directed to "allow[ing] multiple users to collaboratively proof, annotate, and edit multiple versions of documents." (Ex. A, the '082 patent, 1:6-8.) Allowing multiple users to collaborate on a document is merely an abstract exercise in data collection, storage, and distribution. Even more generally, a document is merely a reflection of ideas, and collaborating and organizing feedback about the ideas in a document is a fundamental human activity in the abstract. Thus, the '082 patent claims are directed to an abstract idea.

12. Furthermore, nothing in the claims of the '082 patent transforms the claimed abstract idea into a patent-eligible application of the idea. Instead, all claims of the '082 patent use generic computers to implement the claimed data collection, storage, and distribution. It is axiomatic that the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention. Thus, each claim of the '082 patent, considered as a whole, is invalid under § 101.

13. Accordingly, Intralinks requests and is entitled to a declaratory judgment that the '082 patent is invalid.

## Count II
### (Declaratory Judgment of Non-Infringement)

14. Intralinks hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 13 above.

15. There is an actual controversy between Intralinks and Lone Star regarding infringement of the '082 patent. Lone Star contends that the '082 patent is infringed by Intralinks. Intralinks contends that it does not infringe the claims of the '082 patent. For example, Intralinks does not practice at least "simultaneous display" of a "requested document together with the associated plurality of comments" to "permit review," as recited in claim 10.

16. Accordingly, Intralinks requests and is entitled to a declaratory judgment that it does not infringe the claims of the '082 patent.

### PRAYER FOR RELIEF

WHEREFORE, Intralinks respectfully prays that judgment be entered for Intralinks and against Lone Star as follows:

A. Judgment that Intralinks has not infringed any claims of the '082 patent;

B. Judgment that the '082 patent is invalid;

C. Finding this to be an exceptional case under 35 U.S.C. § 285 and awarding Intralinks its attorneys' fees;

D. Awarding Intralinks its costs and disbursements incurred in this action; and

E. Granting Intralinks such other and further relief as the Court may deem just, proper, and appropriate.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: October 14, 2015
      New York, New York

Respectfully submitted,

**MORRISON & FOERSTER LLP**

By:  / Kyle W.K. Mooney /
      Kyle W.K. Mooney
      250 West 55th Street
      New York, NY 10019-9601
      Tel: (212) 336-4092
      Email: KMooney@mofo.com

      Michael A. Jacobs
      425 Market Street
      San Francisco, CA 94105-2482
      Tel: (415) 268-7455
      Email: MJacobs@mofo.com
      *Pro Hac Vice* Application Expected

      Daniel P. Muino
      2000 Pennsylvania Ave, NW Suite 6000
      Washington, DC 20006-1888
      Tel: (202) 887-1501
      Email: DMuino@mofo.com
      *Pro Hac Vice* Application Expected

      Fahd H. Patel
      2000 Pennsylvania Ave, NW Suite 6000
      Washington, DC 20006-1888
      Tel: (202) 778-1658
      Email: FPatel@mofo.com
      *Pro Hac Vice* Application Expected

      *Attorneys for Plaintiff Intralinks*